UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

SHAWN MICHAEL SMITH                                    CIVIL ACTION

VERSUS                                                 NUMBER: 24-210

TIMOTHY SOIGNET, ET AL.                                SECTION: "I" (5)

**PARTIAL REPORT AND RECOMMENDATION**

Before the Court is the Motion to Dismiss Pursuant to FRCP 12(b)(6) for Failure to State a Claim (rec. doc. 21) filed by Defendants Sheriff Timothy Soignet and Warden Rhonda Ledet (collectively, "Defendants"). Plaintiff has filed a letter with the Court, which this Court construes as an opposition to Defendants' motion to dismiss. (Rec. doc. 25). Having reviewed the motion and the case law, the Court rules as follows.

**I.     Background**

*Pro se* Plaintiff Shawn Michael Smith is incarcerated at the Terrebonne Parish Criminal Justice Complex ("TPCJC"). (Rec. doc. 4 at 2). On February 5, 2024, Plaintiff filed this lawsuit under 42 U.S.C. § 1983 against Defendants, Sheriff Timothy Soignet, Warden Rhonda Ledet, and Medical Administrator April Tomlin. In his Complaint, Plaintiff alleges that

> Timothy Soignet, Rhonda Ledet, and April Tomlin are and have conspire[d] to foster an[] atmosphere of unethical and inhumane by denying proper medical care. Making me suffer needlessly in pain and mental anguish. Which has ruined my ability to lead a normal and productive life. Eroded my trust and faith in the legal and medical professions. I fear I'll never be restored to a state in which I might live life again.

(*Id.* at 4). Plaintiff seeks $10,000,000.00 and the establishment of "a system of checks and balances" to ensure that "everyone is afforded proper medical care and never forced to endure the torture that is currently being inflicted upon" him. (*Id.* at 5).

## II. Standard of Review

Rule 12(b)(6) of the Federal Rules of Civil Procedure allows a party to move for dismissal of a complaint for failure to state a claim upon which relief can be granted. Such a motion is rarely granted because it is viewed with disfavor. *See Lowrey v. Tex. A & M Univ. Sys.*, 117 F.3d 242, 247 (5th Cir. 1997) (quoting *Kaiser Aluminum & Chem. Sales, Inc. v. Avondale Shipyards, Inc.*, 677 F.2d 1045, 1050 (5th Cir. 1982)).

Under Rule 8(a)(2) of the Federal Rules of Civil Procedure, a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009) (citing Fed. R. Civ. P. 8). "[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* at 678 (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

In considering a Rule 12(b)(6) motion, the Court "accept[s] all well-pleaded facts as true and view[s] all facts in the light most favorable to the plaintiff." *See Thompson v. City of Waco, Tex.*, 764 F.3d 500, 502 (5th Cir. 2014) (citing *Doe ex rel. Magee v. Covington Cnty. Sch. Dist. ex rel. Keys*, 675 F.3d 849, 854 (5th Cir. 2012) (en banc)). But, in deciding whether dismissal is warranted, the Court will not accept conclusory allegations in the complaint as true. *Id.* at 502-03 (citing *Iqbal*, 556 U.S. at 678).

To survive dismissal, "'a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" *Gonzalez v. Kay*, 577 F.3d 600, 603 (5th Cir. 2009) (quoting *Iqbal*, 556 U.S. at 678) (internal quotation marks omitted). "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)."

*Twombly*, 550 U.S. at 555 (citations and footnote omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 ("The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully."). This is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679. "Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Id.* at 678 (internal quotations omitted) (citing *Twombly*, 550 U.S. at 557). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief'", thus, "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (alteration in original) (citation omitted).

Finally, "[w]hen reviewing a motion to dismiss, a district court 'must consider the complaint in its entirety, as well as other sources ordinarily examined when ruling on Rule 12(b)(6) motions to dismiss, in particular, documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Funk v. Stryker Corp.*, 631 F.3d 777, 783 (5th Cir. 2011) (quoting *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007)). If the Court considers materials outside of the pleadings, the motion to dismiss must be treated as a motion for summary judgment under Rule 56. *See Causey v. Sewell Cadillac-Chevrolet, Inc.*, 394 F.3d 285, 288 (5th Cir. 2004); *Phoenix on behalf of S.W. v. Lafourche Par. Gov't*, No. CV 19-13004, 2021 WL 184909, at *3-4 (E.D. La. Jan. 19, 2021); *see also* Fed. R. Civ. P. 12(d).

**III.     Analysis**

Construing Plaintiff's Complaint liberally – as it must[1] – the Court finds that Plaintiff asserts a claim for deliberate indifference to his serious medical needs.  The Constitutional rights of an incarcerated person, regardless of whether he is a pretrial detainee or a convicted prisoner, are violated only if his serious medical needs are met with deliberate indifference on the part of penal authorities.  *See Thompson v. Upshur Cnty., Tex.*, 245 F.3d 447, 457 (5th Cir. 2001); *Harris v. Hegmann*, 198 F.3d 153, 159 (5th Cir. 1999); *Henry v. Higgins*, No. Civ. A. 12-1886, 2013 WL 1694864, at *2 (E.D. La. Apr. 18, 2013).  "A serious medical need is one for which treatment has been recommended or for which the need is so apparent that even laymen would recognize that care is required."  *Gobert v. Caldwell*, 463 F.3d 339, 345 n.12 (5th Cir. 2006).

As to the "deliberate indifference" requirement, the United States Fifth Circuit Court of Appeals has explained:

> Deliberate indifference is an extremely high standard to meet.  It is indisputable that an incorrect diagnosis by prison medical personnel does not suffice to state a claim for deliberate indifference.  Rather, the plaintiff must show that officials refused to treat him, ignored his complaints, intentionally treated him incorrectly, or engaged in any similar conduct that would clearly evince a wanton disregard for any serious medical needs.  Furthermore, the decision whether to provide additional treatment is a classic example of a matter for medical judgment.  And, the failure to alleviate a significant risk that the official should have perceived, but did not is insufficient to show deliberate indifference.

*Domino v. Tex. Dep't of Criminal Justice*, 239 F.3d 752, 756 (5th Cir. 2001) (quotation marks, brackets, and citations omitted).  "Deliberate indifference encompasses only unnecessary

---

[1] *See, e.g., Erickson v. Pardus*, 551 U.S. 89, 94 (2007) ("A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.") (citations and quotations omiited)).

4

and wanton infliction of pain repugnant to the conscience of mankind." *McCormick v. Stalder*, 105 F.3d 1059, 1061 (5th Cir. 1997); *see also Stewart v. Murphy*, 174 F.3d 530, 534 (5th Cir. 1999).

An inmate is not guaranteed optimal medical care. *See Gobert*, 463 F.3d at 349 ("[D]eliberate indifference exists wholly independent of an optimal standard of care."). On the contrary, the Constitution does not even require that an inmate's medical care be free from negligence or medical malpractice. *Id.* at 346 ("Unsuccessful medical treatment, acts of negligence, or medical malpractice do not constitute deliberate indifference. . . ."); *Hall v. Thomas*, 190 F.3d 693, 697-98 (5th Cir. 1999); *see also Kelly v. Gusman*, Civ. A. No. 07-611, 2007 WL 2007992, at *4 (E.D. La. July 5, 2007); *Cerna v. Tex. Tech Med. Staff*, No. 2:03-CV-0322, 2004 WL 42602, at *2 (N.D. Tex. Jan. 7, 2004).

Simply put, absent exceptional circumstances, an inmate's disagreement with his medical treatment does not constitute deliberate indifference. *Gobert*, 463 F.3d at 346. For example, "the question of whether . . . additional . . . forms of treatment [are] indicated is a classic example of a matter for medical judgment." *Estelle v. Gamble*, 429 U.S. 97, 107 (1976). Generally, such matters of professional medical judgment are better left to the medical expertise of physicians rather than to the legal expertise of judges. *Henry*, 2013 WL 1694864, at **3-4. Federal courts are therefore loath to second-guess such medical decisions in federal civil rights actions. *Westlake v. Lucas*, 537 F.2d 857, 860 n.5 (6th Cir. 1976) ("Where a prisoner has received some medical attention and the dispute is over the adequacy of the treatment, federal courts are generally reluctant to second guess medical judgments and to constitutionalize claims which sound in state tort law."); *Castro v.*

5

*Louisiana*, Civ. A. No. 08-4248, 2008 WL 5169401, at *4 (E.D. La. Dec. 8, 2008) ("[M]edical judgments are not to be lightly second-guessed in a federal civil rights action.").

Defendants argue that neither Ledet nor Soignet have any control over the medical staff at the TPCJC except in matters of facility security. They contend that Plaintiff fails to meet the standards of Rule 8 and asserts only generalized and conclusory allegations regarding Defendants' alleged deliberate indifference.

Having reviewed Plaintiff's allegations, the Court finds that Plaintiff has failed to plead more than conclusory allegations. Nowhere in his Complaint does Plaintiff identify one specific act attributable to any specific Defendant. To state a claim for deliberate indifference, Plaintiff must establish Defendants' personal involvement in the constitutional violation or a causal connection between Defendants' personal actions and the violation. *Thompkins v. Belt*, 828 F.2d 298, 304 (5th Cir. 1987). Plaintiff's Complaint consists of no more than the-defendants-unlawfully-harmed-me accusations, *Ashcroft*, 556 U.S. at 678, and this Court need not except such bare, conclusory allegations. *Thompson*, 764 F.3d at 502-03. Moreover, "under section 1983, supervisory officials are not liable for the actions of subordinates on any theory of vicarious liability." *Estate of Davis ex rel. McCully v. City of N. Richland Hills*, 406 F.3d 375, 381 (5th Cir. 2005); *Thompkins*, 828 F.2d at 303. Rather, a plaintiff must show either that the supervisor "personally was involved in the constitutional violation or that there is a 'sufficient causal connection' between the supervisor's conduct and the constitutional violation," *Evett v. DETNTFF*, 330 F.3d 681, 689 (5th Cir. 2003), which – as noted above – Plaintiff has not done here. And, as noted above, no claim for deliberate indifference lies for medical malpractice or negligence. *Gobert*, 463

F.3d at 346. Accordingly, without any specific detail regarding what Defendants are alleged to have done, Plaintiff's Complaint fails to state a claim on which relief may be granted.[2]

Plaintiff's letter to the Court – liberally construed as an opposition – does not save his Complaint. (Rec. doc. 25). In the letter, Plaintiff "refute[s] the claims of lack of evidence" to support his claims. (*Id.* at 1). Plaintiff attaches a grievance form to the letter in what appears to be an attempt to demonstrate that evidence exists to support his claims. (*Id.* at 2-3). Notwithstanding that this Court cannot consider evidence outside of the Complaint on a motion to dismiss, *see Causey*, 394 F.3d at 288, the grievance form actually belies Plaintiff's claims because it reveals that he is receiving adequate medical treatment at the TPCC. (*Id.*). And while Plaintiff interprets the response to his grievance from Ledet as barring him from participating in the grievance process, Ledet merely informed Plaintiff that should he have any further complaints about his medical treatment, he should fill out a yellow form and submit it to the medical department. (*Id.* at 3). She never instructed him not to use the grievance process at the TPCC. Plaintiff's letter-opposition does not defeat Defendant's motion.

## IV. Conclusion

For the foregoing reasons,

**IT IS RECOMMENDED** that the Motion to Dismiss Pursuant to FRCP 12(b)(6) for Failure to State a Claim (rec. doc. 21) be **GRANTED**, and Plaintiff's Complaint against Sheriff Timothy Soignet and Warden Rhonda Ledet be **DISMISSED WITH PREJUDICE**.

---

[2] Because the Court recommends dismissal on this ground, the Court does not reach Defendants' argument that they are entitled to qualified immunity.

**NOTICE OF RIGHT TO OBJECT**

A party's failure to file written objections to the proposed findings, conclusions, and recommendation contained in a magistrate judge's report and recommendation within 14 days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. *Douglass v. United States Auto. Assoc.*, 79 F.3d 1415 (5th Cir. 1996) (en banc).

New Orleans, Louisiana, this  23rd  day of          May          , 2024.

_____
MICHAEL B. NORTH
UNITED STATES MAGISTRATE JUDGE